848 So.2d 132 (2003)
SOUTHERN INSPECTION AND TESTING, INC.
v.
SKYLINE STEEL CORPORATION, GMC & W Fabricators, Recovery Systems, Inc., Kostmayer Construction, Inc. and National Fire Insurance Company of Hartford.
No. 03-CA-203.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
William H. Langenstein, Joseph L. Alphonse, McCloskey & Langenstein, L.L.P., New Orleans, LA, for Defendants/Appellants, Kostmayer Construction, Inc. and National Fire Insurance Company of Hartford.
Steven Dow Oliver, Windhorst, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Gretna, LA, for Plaintiff/Appellee, Southern Inspection and Testing, Inc.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and WALTER C. ROTHSCHILD.
THOMAS F. DALEY, Judge.
Appellee, Southern Inspection and Testing (Southern), has filed a Motion to Dismiss Untimely Appeal regarding appellant, Kostmayer Construction's (Kostmayer), appeal taken from a judgment of the Second Parish Court, Parish of Jefferson. They note that LSA-C.C.P. art. 5002 requires that an appeal from city or parish court judgment be filed within ten (10) days from the date of service of the last judgment issued by the trial court denying a timely Motion for New Trial. They argue that appellant, Kostmayer's, appeal is untimely because it was filed more than ten days after the date of service of the judgment denying Kostmayer's Motion for New Trial. After review of the record and applicable law, we conclude that Kostmayers appeal is untimely, but for different *133 reasons than those advanced by Southern. We find that Kostmayer's Motion for New Trial was filed untimely. Thus, appellate delays were not suspended during the pendency of the motion, and the appeal was untimely filed.
New trial delays and appeal delays from city and parish courts are not governed by the same Code of Civil Procedure articles that govern new trial delays and appeal delays from the district courts. Pertinent to this appeal, articles 4907 and 5002 govern new trial delays and appeal delays from city and parish courts; articles 1974, 2087, and 2123 govern these delays from district courts. The appellate schemes created by these articles have important practical differences.
In the district court, under article 1974, parties have seven (7) days, exclusive of legal holidays, in which to file a motion for new trial. Appellate delays, whether for suspensive or devolutive appeals, do not begin to run until after the expiration of this seven day period, even if no Motion for New Trial is filed, or is untimely filed. See LSA-C.C.P. art.2087, 2123.[1]
In city and parish courts, parties have three (3) days, exclusive of legal holidays, in which to file a Motion for New Trial. LSA-C.C.P. art. 4907.[2] If no timely Motion for New Trial is filed, the appellate delays begin to run immediately from the date of the judgment or from service of Notice of Judgment, when such notice is necessary. The delays do not begin to run after the expiration of the time in which to file for a new trial, as in district court. See LSA-C.C.P. art. 5002[3]; Jones v. Dillard Department Stores, Inc., 624 So.2d 4 (La.App. 5 Cir.1993). This is a critical difference in the two schemes.
Moreover, C.C.P. art. 4907(B) expressly declares the mailing of notice as the commencement date of the delay in which to file Motion for New Trial (as do C.C.P. arts. 2087(A), 2123(A), 1974, and 1914). Article 5002(A)'s delay commences upon "the service of notice." The use of this different language suggests the legislature desired a different rule to apply to appeals *134 from city court judgments. In Myles v. Turner, 612 So.2d 32 (La.1993), the Supreme Court noted that the wording of art. 4907(B) stood in stark contrast to the wording in art. 5002 regarding the commencement of the delays.
Southern's argument, in its Motion to Dismiss Appeal, that Kostmayers appeal was filed too long after the service of the Notice of Judgment denying Kostmayer's Motion for New Trial, points out, as did the Supreme Court in Myles v. Turner, the problems inherent in proving when the Notice of Judgment is received. Kostmayer's Motion for New Trial was denied on July 18, 2002, and Notice of Signing of Judgment was issued on July 29, 2002. Counsel for Southern asserts that both the judgment and the Notice of Signing of Judgment were served upon them by U.S. Mail on August 7, 2002, with the envelope postmarked August 3, 2002. Therefore, Kostmayers Motion for Appeal, filed on August 30, 2002, they argue, is untimely under LSA-C.C.P. art. 5002.
Kostmayer contends that it does not have a record of the date it received the Notice of Signing of Judgment, but stipulates that because it calendared the appeal for August 30, they must have received the Notice of Signing of Judgment no earlier than August 20. They argue that it is irrelevant when Southern received its Notice. They cite Myles v. Turner for the proposition that because of the general lack of reliable proof in determining the date of receipt, the court may accept the stipulation of counsel as evidence of when a notice of signing of judgment was received. Southern points out, however, that in that case counsel stipulated that it received the Notice one (1) day after it was postmarked, which was reasonable. Southern argues that it is not reasonable for this court to accept Kostmayers stipulation that it received the Notice seventeen (17) days after it was postmarked, especially in light of the fact that Southern received its Notice only four (4) days after it was postmarked. Southern argues that all evidence indicates that Kostmayer was unaware that it had only ten (10) days, and not thirty (30), to perfect an appeal from this parish court judgment.
The Myles court notes the problems inherent in proving when the Notice of Judgment was received by Kostmayer. Kostmayer stipulated that it could not have received the Notice earlier than August 20, 2002, yet another party in the case, Southern, has shown that it received the same notice on August 7, 2002, with a postmark of August 3, 2002.
We find, however, that Kostmayer's Motion for New Trial was untimely under LSA-C.C.P. art. 4907. If the Motion for New Trial is untimely, it does not suspend appeal delays. Unlike the delays for an appeal from parish court that began to run 10 days after service of Notice of Judgment, the delays for applying for a new trial expire three (3) days after the clerk has mailed the Notice of Judgment. The record reflects that the underlying judgment was signed on April 12, 2002. The Notice of Signing of Judgment was issued on April 15, 2002. The delay for applying for a new trial commenced on April 16, 2002, and expired on April 18, 2002. The record shows that Kostmayer applied for a new trial on April 22, 2002, which was untimely. Because the filing of this motion did not suspend appeal delays, appeal delays expired, therefore, well before Kostmayer filed its appeal on August 30, 2002.
Accordingly, we dismiss appellant Kostmayer's appeal as untimely.
APPEAL DISMISSED WITH FULL OPINION.
NOTES
[1] LSA-C.C.P. art.2087 states, in pertinent part:

A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
LSA-C.C.P. art. 2123 states, in pertinent part: A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
[2] LSA-C.C.P. art. 4907 states:

A. After judgment is signed in the parish or city court, a party may make a written request or motion for new trial for any of the grounds provided by Articles 1972 and 1973.
B. The delay for applying for a new trial shall be three days, exclusive of holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.
[3] LSA-C.C.P. art. 5002 states:

A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.