| ¡.JAMES L. CANNELLA, Judge.
Defendant, Hafez Mubarak-Assad, appeals from the default judgment entered against him in favor of the Plaintiff, Parish of Jefferson. For the reasons which follow, this appeal is dismissed as untimely.
On July 27, 2001, the Parish of Jefferson filed suit in Parish Court against the Defendant arguing that the Defendant had constructed a carport in his front yard, without a permit and in violation of parish ordinances within 20 feet of the front property line. The Parish requested that the Defendant be ordered to remove the carport.
In response, on August 6, 2001, the Defendant, in proper person, filed an exception of Lis Pendens. He did not attach a request for a rule to show cause. On August 13, 2001, the exception was summarily denied with the notation, “Must set *274 rule to show cause.” The Defendant was not notified of this ruling.
On January 31, 2003, a default judgment was rendered in favor of the Parish. On February 25, 2003 the Parish Court issued notice of the default judgment. On March 7, 2003, the Defendant filed a motion for new trial which was denied on April 25, 2003. The Defendant filed a motion for appeal on May 8, 2003.
On appeal the Defendant argues that the trial court erred in rendering the default judgment since he had never been notified that his Lis Pendens exception 13had been denied. The Parish argues to the contrary that since the denial of the Lis Pendens exception was an interlocutory ruling, notification of its denial was not required. Rather, the Parish argues, that it was sufficient for the trial court to note the action on the court minutes and it was the Defendant’s responsibility to keep up to date on his case. Thus, the Parish argues, the default was properly taken.
We do not reach the merits of these arguments because we find, following a response to our Rule to Show Cause issued on October 9, 2003, that the appeal must be dismissed as untimely.[1]
La. C.C.P. art. 4907 provides in pertinent part that the delay for applying for a new trial, in parish court, shall be three days, exclusive of holidays. The delay commences to run on the day after the clerk has mailed the notice of judgment. In this case the record shows that the notice of judgment was mailed on February 25, 2003. The Motion for New Trial was not filed until March 7, 2003, well past the three day deadline. An untimely motion for new trial does not suspend appeal delays. Southern Inspection and Testing, Inc. v. Skyline Steel Corp., 03-203 (La.App. 5th Cir.5/28/03), 848 So.2d 132.
Under La. C.C.P. art. 5002, an appeal from a judgment rendered by a Parish Court must be taken within ten days from the service of notice of judgment if no timely application for new trial is filed. Therefore, the appellate delays in this case began to run on February 26, 2003 and expired ten days later on March 7, 2003.[2] The motion for appeal was not filed in this case until May 8, 2003, over two months past the due date.
Accordingly, the appeal filed by the Defendant must be dismissed as untimely.
APPEAL DISMISSED.

. It was noted in the response that perhaps the appeal would be timely if the Court were to determine that the Lis Pendens exception was improperly denied. We disagree. This appeal is from the argued erroneous entry of the default judgment and, therefore, appellate delays must be determined from the notice of that judgment.

. We note that even if appellate delays were counted from the date the motion for new trial was denied, the appeal would still be untimely because it was filed more than ten days after the denial of the motion for new trial.