900 So.2d 73 (2005)
Michael MADERE, Carmen M. Stein, and The Estate of Claire Madere
v.
ST. JOHN THE BAPTIST PARISH, St. John The Baptist Parish President (S); St. John The Baptist Parish Council (S); St. John The Baptist Parish Planning Consultant (S); St. John The Baptist Parish Planning Commission Members; St. John The Baptist Parish Zoning Administrators; St. John The Baptist Parish Zoning Directors; St. John The Baptist Parish Civil Defense Director (S); St. John The Baptist Parish Permitting Department (S); Joseph Henderson.
No. 04-CA-1036.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*74 Brian K. Abels, Baton Rouge, LA, for Plaintiff/Appellee.
Albert C. Miranda, Gina P. Campo, Miranda, Warwick, Milazzo, Giordano & Hebbler, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
MARION F. EDWARDS, Judge.
Defendants/ appellants Nickie Monica as President of St. John the Baptist Parish as well as the St. John the Baptist Council, St. John the Baptist Planning Consultants, St. John the Baptist Parish Planning Commission Members, St. John the Baptist Zoning Administrators, St. John the Baptist Parish Zoning Directors, St. John the Baptist Civil Defense Directors, St. John the Baptist Parish Legal Advisors to the Council, St. John the Baptist Parish Permitting [sic] Departments, St. John the Baptist Parish, and the Hartford Casualty Insurance Company appeal the denial of their Motion For Summary Judgment and the granting of summary judgment in favor of plaintiffs/appellees. The defendants are referred to herein as "Monica" for the sake of simplicity. Also on appeal is the failure to grant Monica's Exception of No Cause of Action.
The underlying lawsuit arose out of a dispute over zoning laws in St. John the Baptist Parish. Plaintiffs, Michael Madere and Carmen M. Stein, filed a Petition For Declaratory Judgment, Writ Of Mandamus, and Damages on May 18, 2000. Named as defendants were St. John the Baptist Parish, its President Nickie Monica, past council members, planning consultants, planning commission members, zoning administrators, zoning directors, civil defense director, and Joseph Henderson (later correctly identified as Joseph Anderson), owner of Mitey Muffler. The suit alleged that Parish officials purposefully engaged in acts that systematically destroyed the established land use policy by passing ordinances containing illegal conflicting and unconstitutional district zoning changes. Specifically, Madere and Stein alleged that they are residents and owners of property within a district zoned R-1 for residential use, and that Ordinance # 87-42, adopted in 1987, re-zoned a "grandfathered" property known locally as "Mitey Muffler" from R-1 to C-2, commercial use, for the stated purpose of enhancing that property's value. Madere and Stein urged that Mitey Muffler had expanded its business, and that the business activities constitute a public and private nuisance by the illegal disposal of oil, excessive noise and litter, noxious fumes, and various other alleged acts. The petition averred that Monica ignored the illegal expansion and disregarded their complaints, and that Ordinance # 87-42 unconstitutionally discriminates against them in favor of defendant Anderson, owner of Mitey Muffler. A supplemental petition added other defendants, among them the "legal advisors to the council."
Madere and Stein asked for a declaratory judgment to the effect that some fifty-one zoning ordinances were null and void and/or repealed; that properties involved were to be restored to their original classifications, and had lost their non-conforming uses and privileges; that the Comprehensive Zoning Ordinance was unconstitutionally vague; that Ordinance 87-42 *75 was null and void and/or repealed; and whether Ordinance 87-42 repealed the boundaries of the plaintiffs' district. The petition also requested a writ of mandamus to direct Monica to order the Parish Council and Zoning Commission to delete all ordinances the court declared repealed, and finally, asked for a money judgment for damages allegedly suffered.
Numerous pleadings were filed in the case, among them a Motion For Summary Judgment filed by Monica, representing the various Parish defendants. The Motion urged that the allegations pertaining to the Parish's failure to enforce zoning laws were prescribed by La. R.S. 9:5625. It was further averred that Madere and Stein had no cause of action against the Council, planning consultants, planning commission members, zoning administrators and directors, civil defense directors, or legal advisors because the St. John the Baptist Home Rule Charter specifically requires that all suits against any Parish department be brought against the Parish President in his representative capacity.
Madere and Stein also filed a Motion For Summary Judgment Or In The Alternative, Motion For Declaratory Judgment and Request For Mandatory Injunction. The pleading stated that Monica confirmed under oath that the subject Mitey Muffler property is zoned R-1, not C-2, and that it is a mistake that Ordinance 87-42 is part of the official Code of Ordinances. Because the Parish did not take "official action" to correct the error, it was urged that the court grant the motion and request for injunction, declaring the subject property is zoned R-1, that it is "grandfathered" as a muffler shop only, that the ordinance was published in error and should never have been published, and ordering the Parish to remove the ordinance from the Code immediately. The pleading also asked the court to order the Parish to make periodic inspections of the subject property.
Trial in this case was held on August 15, 2003, and after taking the case under advisement, the court rendered judgment on December 29, 2003. The judgment read as follows:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's Motion for Summary Judgment is DENIED; the defendant's Motion for Summary Judgment is GRANTED IN PART; the defendant's motion for declaratory judgment is GRANTED IN PART; and the plaintiffs' request for injunctive relief is DENIED.
A reading of the body of the judgment, however, indicates that it was plaintiffs' motion for summary judgment and motion for declaratory judgment that the court intended to grant in part. The record on appeal indicates that on January 16, 2004, Madere and Stein filed a Motion For New Trial, requesting that the court amend the wording of the judgment. On April 21, 2004, the court granted the new trial for the purpose of correcting the decree as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's [sic] Motion for Summary Judgment is DENIED; the plaintiffs' Motion for Summary Judgment is GRANTED IN PART; the plaintiffs' Motion for Declaratory Judgment is GRANTED IN PART; and the plaintiffs' request for injunctive relief is DENIED.
Monica also filed a Motion for New Trial, via fax, on January 16, 2004 and the original was filed on January 20. In denying that Motion as untimely, the court determined that the original judgment was mailed on January 6, and that January 15 was the last date within which a Motion *76 For New Trial could have been filed. Monica appeals the original judgment.
Madere and Stein filed a Motion to Dismiss Appeal in this court, averring that Monica cannot appeal the denial of a summary judgment, that it is interlocutory in nature, and further urging the appeal is untimely. They aver that their Motion For New Trial, which was granted, was made simply to correct the wording of the judgment, and thus did not operate to extend the appeal time. However, we note a different problem in finding the appeal is untimely.
In the present case, the judgment and reasons for judgment were incorporated into a single document. At the conclusion of its written discussion relative to Madere's and Stein's Motion For Summary Judgment, the trial court stated that it was granting the plaintiffs' motion in part and granting plaintiffs' alternative declaratory judgment in part, while denying injunctive relief. Nevertheless, the decree at both the beginning and end of the judgment read as previously stated above. In its entirety, the original judgment was confusing and contained internal contradictions.
La. C.C.P. Art.1951 of the Louisiana Code of Civil Procedure provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. We find that the portion of the April 21 judgment that granted a new trial was more than the mere correction of a typographical error, or correction of phraseology, but rather, was a substantive amendment of the decree itself.
It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951. As stated above, Article 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities.[1]
La. C.C.P. Art.1951 does not authorize the amendment of a final judgment to conform with the trial court's reasons for judgment where the amendment would make substantive changes to the original judgment. The trial court's written judgment is controlling even though the trial court may have intended otherwise.[2] In order to correct the judgment of December 29, a new trial was necessary.
We note that in the April 21 judgment, prior to granting plaintiffs' request for new trial the court determined that Madere and Stein's Motion was filed on January 16, which is the same day that Monica's motion was filed. In determining *77 Monica's motion, however, the court correctly held that the time for filing for new trial expired on January 15. A trial judge possesses no discretion or (equitable) power to extend the delay within which to apply for new trial.[3] The court had no authority to grant Madere's and Stein's Motion for New Trial.
Accordingly, it appears from the record that both Motions for New Trial were untimely. Therefore, the April 21 judgment granting the Motion for New Trial was an absolute nullity. Additionally, an untimely motion for new trial does not suspend appeal delays.[4] As a result, the parties had 60 days from the final judgment of December 29 within which to take an appeal. The Motion for Appeal in this case, filed on May 11, 2004, was thus untimely and the appeal must be dismissed.
For these reasons, the Motion to Dismiss Appeal is granted on other grounds. Defendants are taxed costs of the appeal.
APPEAL DISMISSED.
NOTES
[1] Bourgeois v. Kost, 2002-2785 (La.5/20/03), 846 So.2d 692
[2] See Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 777 (La.App. 2nd Cir.1991); Starnes v. Asplundh Tree Expert Co., 941647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242.
[3] Gottsabend v. Aetna Cas. & Sur. Co., 273 So.2d 637 (La.App. 4 Cir.1973);, Roan v. Roan 38,383 (La.App. 2 Cir. 4/14/04), 870 So.2d 626.
[4] Southern Inspection and Testing, Inc. v. Skyline Steel Corp., 03-203 (La.App. 5th Cir.5/28/03), 848 So.2d 132; Jefferson v. Mubarak-Assad (03-789 La.App. 5 Cir. 10/28/03), 860 So.2d 273.