SUSAN M. CHEHARDY, Judge.
 

 |2On appeal, Ellen Miller challenges the default judgment against her in favor of Bélico Electric Company. In response, Bélico Electric Company has moved to dismiss Miller’s appeal as untimely. For the following reasons, we dismiss this appeal.
 

 On October 16, 2007, Bélico Electric, Inc. (“Bélico”) initiated suit against Ellen O. Miller (“Miller”) for payment owed on a contract for electrical work. On October 24, 2007, Miller was personally served with the petition. Miller’s attorney faxed an Exception of Improper Venue to the Trial Court on November 7, 2007. Miller’s counsel admits, however, that he did not pay the filing fees associated with the Exception of Improper Venue until four months later, well after the default judgment had been confirmed.
 
 [1]
 

 In December of 2007, Bélico filed a Motion for Preliminary Default. On December 10, 2007, the Clerk of Court certified that no answer or other pleadings had been filed in this matter. The trial court entered a preliminary default that day. |3On December 14, 2007, Bélico filed a Motion to Confirm Default Judgment. That same day, the Deputy Clerk of Court certified that the defendant had not filed a pleading as of that date.
 

 On December 18, 2007 at 12:27 p.m., defendant filed an answer, denying “each and every” allegation in Bellco’s petition. Meanwhile, that same day, the trial judge confirmed the preliminary default and entered final judgment in favor of Bélico in the amount of $2,850.00, with interest, penalties, attorney fees, and court costs. Pursuant to La. C.C.P. art. 1913, the Clerk of Court mailed notice of Judgment of Default to defendant on December 21, 2007.
 

 On January 14, 2008, defendant filed a Motion for a New Trial to Set Aside Preliminary Default Judgment. The trial judge heard argument on the motion on March 3, 2008. On April 21, 2008, the trial court denied defendant’s motion for new trial as untimely because it was filed more than seven days, exclusive of holidays, after the notice of judgment was mailed.
 

 On May 22, 2008, defendant filed, among other pleadings, a Motion for Appeal, which was granted on June 9, 2008. In her Motion for Appeal, defendant stated that she was appealing the denial of her Motion for New Trial rendered on April 21, 2008 and prayed “that a new trial would be granted herein.”
 

 Miller’s appeal was lodged with this Court on September 24, 2008.
 
 [2]
 
 On Octo
 
 *799
 
 ber 7, 2008, Bélico filed a Motion to Dismiss this appeal as untimely, which was referred to the merits.
 

 In its Motion to Dismiss, Bélico argues that this appeal is untimely because Miller’s Motion for New Trial, which was untimely according to the trial court, was without legal effect and, thus, did not affect the appeal delays that began to run |4after the judgment on the merits was issued on December 21, 2007. Miller responds that the delay within which to file a motion for new trial never began to run in this case because that notice of judgment was not mailed to counsel of record as required by law.
 

 La. C.C.P. art. 1913(C) reads, “Notice of the signing of a default judgment against a defendant on whom citation was served personally, and who filed no exceptions or answer, shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.” La. C.C.P. art. 1913(D) reads, “The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
 

 La C.C.P. Articles 1974, 2087, and 2123 govern the pertinent statutory delays.
 
 Southern, Inspection and Testing, Inc. v. Skyline Steel Corp.,
 
 03-203 (La.App. 5 Cir. 5/28/03), 848 So.2d 132, 133. In the district court, parties have seven days, exclusive of legal holidays, in which to file a motion for new trial. La. C.C.P. art. 1974. Appellate delays, whether for suspensive or devolutive appeals, do not begin to run until after the expiration of this seven day period, even if no Motion for New Trial is filed, or if said motion is untimely filed.
 
 Id.
 
 La. C.C.P. arts. 2087, 2123. In pertinent part, La. C.C.P. art. 2087(A) states:
 

 Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following: (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
 

 Further, La. C.C.P. art. 2123 states, in pertinent part:
 

 Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, only within thirty days of any of the following: (1) The expiration of the delay for applying for |sa new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
 

 In this case, Miller was personally served with the petition in this case. The exception that was faxed to the Clerk of Court was not considered filed because the requisite fees had not been paid. The default judgment was signed on December 18, 2007. Notice of Judgment was mailed on Friday, December 21, 2007. Thus, the seven-day time frame within which to file a Motion for New Trial commenced on December 24, 2007.
 
 [3]
 

 
 *800
 
 Miller filed her Motion for New Trial on January 14, 2008, well outside of the time limit listed in La. C.C.P. art. 1974. If the Motion for New Trial is untimely, it does not suspend appeal delays. Thus, Miller’s appeal delays began to run upon the expiration of the delay for applying for a new trial, which was no later than January 4, 2008. It is clear that the statutory appeal delays had expired well before Miller filed her Motion for Appeal on May 22, 2008. Accordingly, we grant Bellco’s Motion to Dismiss Miller’s appeal as untimely.
 

 APPEAL DISMISSED WITH FULL OPINION.
 

 [1]
 

 . March 18, 2008 is the date that defendant's counsel mailed payment to the Clerk of Court's Office but payment was not received until March 25, 2008. Failure to comply with the payment requirements for fax filings will result in a petition being deemed never filed and, thus, not interrupting prescription.
 
 Martin v. Kroger Co.,
 
 29,915 (La.App. 2 Cir. 10/29/97), 702 So.2d 347,
 
 writ denied,
 
 98-0033 (La.3/13/98), 712 So.2d 881;
 
 Brown
 
 v.
 
 American Nat. Property & Cas. Co.,
 
 98-2292 (La.App. 4 Cir. 10/28/98), 720 So.2d 1278;
 
 Gant v. Alexander,
 
 04-27 (La.App. 3 Cir. 5/12/04), 872 So.2d 1280.
 

 [2]
 

 . In the meantime, Miller applied to this Court for a writ of review of the denial of her Motion for New Trial. On September 8,
 
 *799
 
 2008, a three-judge panel denied review, stating, "Relator has an adequate remedy on appeal or by filing a separate action for nullity.” Although we are dismissing Miller's appeal, this, in no way, precludes the filing of an action for nullity.
 

 [3]
 

 . In the district court, parties have seven days, exclusive of legal holidays, in which to file a motion for new trial. La. C.C.P. art. 1974; La. R.S. 1:55.