STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-322 c/w 14-251, 14-323


OMNI ENERGY SERVICES CORP.

VERSUS

ROBERT H. RHYNE, JR., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2009-3396 C/W No. 2013-4316
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and John E. Conery, Judges.


AFFIRMED.


Conery, J., concurs in the result.


**David M. Kaufman**
**P. O. Box 4604**
**Lafayette, LA 70502-4604**
**(337) 233-2417**
**COUNSEL FOR DEFENDANTS/PLAINTIFFS-IN-**
**RECONVENTION/APPELLANTS:**
    **Robert H. Rhyne, Jr.**
    **Brent Trauth**

Andre F. Toce
The Toce Firm, PLC
P. O. Box 158
Broussard, LA 70518
(337) 233-6818
COUNSEL FOR DEFENDANTS/PLAINTIFFS-IN-
RECONVENTION/APPELLANTS:
    Brent Trauth
    Robert H. Rhyne, Jr.

Alan K. Breaud
Timothy W. Basden
Breaud & Meyers, APLC
P.O. Box 3448
Lafayette, LA 70503
(337) 266-2200
COUNSEL FOR PLAINTIFF/DEFENDANT-IN
RECONVENTION/APPELLEE:
    OMNI Energy Services Corporation

Robert J. Burns, Jr.
2141 Quail Run Drive
Baton Rouge, LA 70808
(225) 767-7730
COUNSEL FOR DEFENDANT-IN-RECONVENTION/APPELLEE:
    XL Specialty Casualty Company

David M. Thorguson
Bourgeois Thorguson, LLC
P. O. Box 3006
Morgan City, LA 70381
(985) 384-2055
COUNSEL FOR DEFENDANTS-IN-RECONVENTION/APPELLEES:
    Edward E. Colson, III
    James C. Eckert
    Richard C. White
    Barry E. Kaufman
    Dennis R. Sciotto
    Ronald E. Gerevas
    Brian J. Recatto

Randy P. Angelle
Boyer, Hebert, Abels & Angelle, LLC
401 East Mills Avenue
Breaux Bridge, LA 70517
(337) 366-8285
COUNSEL FOR DEFENDANTS-IN-RECONVENTION/APPELLEES:
    Edward E. Colson, III
    Dennis R. Sciotto
    Ronald E. Gerevas

**PETERS, J.**

In the second of these three consolidated suits, Robert H. Rhyne, Jr. and Brent Trauth appeal a trial court judgment granting peremptory exceptions of no cause of action, whereby their monetary claims against a number of other parties to this litigation were dismissed. We set forth the factual background in *OMNI Energy Services Corp. v. Rhyne*, 14-251 (La.App. 3 Cir. _/_/_), __ So.3d __, and will address this issue in this opinion.

In this appeal, Rhyne and Trauth assert five assignments of error, all of which relate to trial court rulings in Lafayette Parish Suit I:

1. The Trial Court erred when it granted Exceptions of Prescription dismissing all of Rhyne and Trauth's claims against Omni Directors White, Kaufman, Eckert, and Omni Officer, Recatto;

2. The Trial Court erred when it granted Exceptions of Prescription dismissing all of Rhyne and Trauth's claims against Directors Sciotto, Colson and Gerevas except claims "outside their capacity" as Officers/Directors;

3. The Trial Court erred when it failed to recognize that the Officer/Director Defendants were solidarily liable with Omni for all of Rhyne/Trauth's damages resulting from Omni's breach of Rhyne and Trauth's agreements, when Omni's breach was knowingly, intentionally, and without justification caused by Officer/Director Defendants;

4. Once the Trial Court ruled that the St. Martin Court's venue analysis was fatally flawed by failing to apply 23:921, the Trial Court erred by then adopting the flawed judgment as to Sciotto, Colson, and Gerevas flowing therefrom. The Trial Court erred by stating, "I am not going to change his (Judge Comeaux's) ruling", when it was the Trial Court's obligation to do so under *Land v. Vidrine*.

5. The Trial Court erred when it failed to recognize that the parties entered into a Consent Judgment to transfer the St. Martin Case to Lafayette on the basis of *forum nonconveniens*, and thus Appellees agreed that venue was proper in St. Martin.

**OPINION**

All of the assignments of error relate to the trial court judgment finding that the claims against all of the director/officer defendants, in their capacity as OMNI directors/officers, had prescribed. Because they are so interwoven, we will address these assignments of error together.[1]

At the outset, we note that in its April 27, 2011 judgment, the St. Martin Parish trial court chose to dismiss the claims at issue rather than to assert its discretion pursuant to La.Code Civ.P. art. 932(B) and transfer them to Lafayette Parish. Once the trial court rendered judgment, the St. Martin Parish Clerk of Court mailed notice of the judgment to all parties on Friday, April 29, 2011. The delay for applying for a new trial is seven days exclusive of legal holidays, and the delay commences to run the day after notice is mailed by the clerk. La.Code Civ.P. art. 1974. Thus, the delay for applying for a new trial commenced to run on Monday, May 2, 2011, and any party wishing to seek a new trial on any part of the trial court's ruling had until May 10, 2011, in which to do so. With just one day left in the seven-day period, the St. Martin Parish Suit was removed to federal court by Mager and Cove Partners and remained there until it was returned to St. Martin Parish on Friday, May 4, 2012.[2]

After the matter returned to St. Martin Parish, the only relief initially sought by any party to the litigation was sought by Mager, Cove Partners, Sciotto, Colson, Gerevas, and XL Specialties, who filed requests for additional time in which to plead to the original petition of Rhyne and Trauth. No litigant timely filed a

---

[1] As previously noted, Rhyne and Trauth asserted intentional tort claims against Sciotto, Colson, and Gerevas for actions they claim occurred outside the scope of their officer/director duties, and these claims remain viable in the trial court because of the favorable venue ruling issued to Rhyne and Trauth in the St. Martin Parish Suit.

[2] We need not determine whether the delay period for filing a new trial was interrupted or suspended, because in either case, no motion for new trial was timely filed.

2

motion for new trial and a trial court has neither the discretion to extend the new-trial delay nor "the authority to grant a new trial, recall, modify or set aside a judgment when an application for a new trial has not been timely filed." *South La. Bank v. White*, 577 So.2d 349, 350 (La.App. 1 Cir. 1991); *Madere v. St. John the Baptist Parish*, 04-1036 (La.App. 5 Cir. 3/1/05), 900 So.2d 73. Furthermore, no litigant sought a supervisory writ to have the venue decision reviewed by a higher court and, as pointed out in *Land v. Vidrine*, 10-1342, p. 7 (La. 3/15/12), 62 So.3d 36, 40, "[f]ailure to timely file a writ application on a venue ruling amounts to a waiver of any objection thereto." Thus, the April 27, 2011 judgment was a final judgment, and the transfer of the remaining issues to Lafayette Parish while the motions for new trial were still pending had no effect on that finality status.

However, in *Land*, the supreme court recognized a difference between the finality of a venue judgment for forum purposes and the effect that same judgment might have on prescription or preemption issues. In *Land*, the trial court, in the Nineteenth Judicial District in East Baton Rouge Parish, granted the defendant's declinatory exception of venue and, instead of dismissing the plaintiffs' case, exercised its discretion under La.Code Civ.P. art. 932(B) and transferred it to the Fifteenth Judicial District in Lafayette Parish. Once in Lafayette Parish, the defendant filed an exception of preemption. Applying the "law of the case" doctrine,[3] the trial court in Lafayette Parish concluded that it could not consider the correctness of the East Baton Rouge Parish venue ruling because the plaintiffs had waived any objection to the transfer of the litigation by failing to apply for supervisory writs. *Land*, 62 So.3d 36. It then granted the preemption exception and dismissed the plaintiffs' suit on its finding that (1) based on the East Baton

---

[3] The "law of the case" doctrine is a discretionary doctrine by which "courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case." *Land*, 62 So.3d at 42.

Rouge Parish venue judgment and without regard to the correctness thereof, suit had not been timely filed in a court of proper jurisdiction and venue, and (2) the Lafayette Parish filing was untimely on its face. The plaintiffs appealed, and this court affirmed the trial court decision. *Land v. Vidrine*, 09-1418 (La.App. 3 Cir. 4/7/10), 30 So.3d 1188.

In reversing both the trial court and this court, the supreme court affirmed the finality of the East Baton Rouge Parish decision on venue, but reversed the application of the "law of the case" doctrine on the preemption issue, finding that the Lafayette Parish trial court was still required to "make an independent venue ruling for the limited purpose of deciding the exception of preemption." *Land*, 62 So.3d at 37. The supreme court explained its decision with regard to the independent ruling required, by noting that "[c]hoice of venue is a gateway consideration that is separate from the merits of a case and addresses only the initial inquiry of where to litigate." *Id.* at 39. The supreme court further stated:

> In the absence of a legal barrier precluding consideration of the issue, we find the East Baton Rouge Parish trial court's venue ruling should have been merely presented as evidence in support of the defendant's exception of preemption, not as a conclusion of law. The Lafayette Parish trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the determination, however, has no practical bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of preemption, does not alter the location of the current and/or future proceedings of the case. If the Lafayette Parish trial court finds that venue was proper in East Baton Rouge Parish, then it is required to deny the defendant's exception of preemption and proceed with the trial in Lafayette Parish. Alternatively, if the Lafayette Parish trial court finds that venue was improper in East Baton Rouge, then it is required to continue its analysis of whether the filing in Lafayette Parish was timely. If the case was not timely filed in Lafayette Parish, the exception of preemption must be granted and the case dismissed.

*Id.* at 42.

The *Land* case is factually distinguishable from the matter before us in that the East Baton Rouge Parish trial court used its discretion pursuant to La.Code Civ.P. art. 932(B) to transfer the litigation to Lafayette Parish instead of dismissing the claims subject to the venue exception. As previously stated, in the St. Martin Parish Suit, the trial court dismissed the claims at issue without prejudice and that judgment became final long before any effort was made to transfer what was left of that litigation to Lafayette Parish; and, even then, the transfer was based on the doctrine of *forum non conveniens* and not venue. Still, we find this to be a distinction without a difference as the issue before us is basically the same as that which was before the Lafayette Parish trial court in *Land*, and, therefore, we must first determine if the trial court performed the analysis required by *Land*.

The December 21, 2012 reasons for judgment do not cite the *Land* decision directly, but clearly establish that the trial court in Lafayette Parish Suit I considered the impact of that decision in its analysis. Specifically, the trial court stated that it was "compelled by recent decisions to make an independent determination relating to venue in St. Martin Parish."[4] Having recognized the need to comply with the mandate set forth in *Land*, the trial court then stated that with regard to claims asserted against OMNI and based on an evaluation of the available record, it disagreed with the St. Martin Parish trial court's holding that it did not have venue to consider "properly pled claims under the *contract of employment*." (Emphasis added.) The trial court did not comment concerning the St. Martin Parish trial court's ruling that those claims arising under the Agreement were filed in a court of improper venue.

---

[4] It is important to note that the Lafayette Parish trial judge in *Land* was the same trial judge in Lafayette Parish Suit I, who rendered the judgment currently on appeal.

5

In its reasons for judgment, the trial court made the following findings concerning the claims against the directors:

> Turning now to the No Cause of Action exceptions filed by the other parties, I grant those motions, in part. *The claims for breach, under both the [Agreement] and the employment contract are granted. There is no privity of contract between Rhyne & Trauth and anyone but Omni.*
>
> The other *claims for tortious interference* (if one can call it that) remain. Nevertheless, those claims *have prescribed.* At best, a 2 year prescriptive period applies. *No claim in a proper venue with service of process was perfected within that period.*

(Emphasis added.)

However, when the trial court executed a judgment on May 14, 2013, it granted relief to the directors in their capacity as directors for reasons of prescription and not privity of contract. The judgment, as it applies to the issue now before us, reads in pertinent part:

> IT IS ORDERED, ADJUDGED AND DECREED that the *Peremptory Exceptions of No Cause of Action based upon Peremption, and in the Alternative, Prescription, filed on behalf of Brian J. Recatto, Dennis R. Sciotto, Edward Colson III, James C. Eckert, Richard White, Barry E. Kaufman and Ronald Gerevas are hereby GRANTED* and all claims against these parties are DISMISSED with prejudice.

(Emphasis added.)

In analyzing the issue before us, we first note that when there is a conflict between reasons for judgment and a judgment, the judgment will always prevail over the reasons. *Perkins v. Willie*, 01-821 (La.App. 1 Cir. 2/27/02), 818 So.2d 170.

The burden of proof on the peremptory exception of prescription lies with the party raising the exception. *Allain v. Triple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1285. However, if it is apparent from the face of the pleadings that the plaintiff's claims have prescribed, the burden shifts to the

plaintiff to show otherwise. *Id.* Appellate courts review the peremptory exception of prescription pursuant to the manifest error standard of review if evidence, either supporting or contradicting, is presented at the hearing on the exception. *In re Succ. of Cole*, 12-802 (La.App. 3 Cir. 12/26/12), 108 So.3d 252. If no evidence is presented, appellate courts decide whether the finding of the trial court is legally correct or incorrect. *Id.* While we do recognize that the scope of factual review is manifest error and that the trial court did consider the *Land* decision in its analysis; and while we could conclude that between the time it issued reasons for judgment and signed the judgment, the trial court merely reevaluated its position on this issue and found that while the issue was prescription/preemption and not privity of contract, the result was the same, because we have a complete record before us and in the interest of justice, we choose to perform a *de novo* review of the decision of the trial court on the prescription/preemption issue.

Generally, "[p]rescription is interrupted . . . when the oblige commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served within the prescriptive period." La.Civ.Code art. 3462. However, La.R.S. 12:1502 (emphasis added), which specifically provides the various prescriptive periods applicable in an action against an officer or director of a business organization, depending on the cause of action asserted, provides:

> A. The provisions of this Section shall apply to all business organizations formed under the laws of this state and *shall be applicable to actions against any officer, director*, shareholder, member, manager, general partner, limited partner, managing partner, or other person similarly situated.
>
> . . . .

7

C. No action for damages against any person described in Subsection A of this Section for an unlawful distribution, return of an unlawful distribution, or *for breach of fiduciary duty, including without limitation an action for gross negligence*, but excluding any action covered by the provisions of Subsection D of this Section, shall be brought unless it is *filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect,* or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act, omission, or neglect.

D. No action for damages against any person listed in Subsection A of this Section *for intentional tortious misconduct, or for an intentional breach of a duty of loyalty*, or for an intentional unlawful distribution, *or for acts or omissions in bad faith, or involving fraud, or a knowing and intentional violation of law*, shall be brought unless it is *filed in a court of competent jurisdiction and proper venue within two years from the date of the alleged act or omission*, or within two years from the date the alleged act or omission is discovered or should have been discovered, but in no event shall an action covered by the provisions of this Subsection be brought more than three years from the date of the alleged act or omission.

Based on the foregoing provisions, prescription is only interrupted as to a claim against an officer or director of a business operation if suit is filed in a court of competent jurisdiction and proper venue within the time period provided for negligent and intentional acts.

The first litigation in this matter was Federal Suit I, which was filed by Rhyne and Trauth on May 1, 2008, or well within the prescriptive periods provided for in La.R.S. 12:1502. When the federal court dismissed this suit on June 23, 2009, the dismissal was specifically without prejudice as to Rhyne and Trauth's state law claims.

Pursuant to 28 U.S.C. § 1367(a):

[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Considering this statute, and based on the assertions of that petition and the content of the Agreement, we find that the federal court had original jurisdiction over the federal claims asserted in Federal Suit I and supplemental jurisdiction over the state claims also asserted therein. Furthermore, 28 U.S.C. § 1367(c)(3) provides that the federal court "may decline to exercise supplemental jurisdiction over a claim described in subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" In such situations, "the decision to entertain or dismiss the pendant state law claims is within the district court's discretion. Ordinarily, when the federal claims are dismissed before trial, the pendant state claims should be dismissed as well." *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (en banc). Thus, the filing of Federal Suit I interrupted prescription as to Rhyne and Trauth's breach of contract, wrongful termination, and tort claims against the various defendants**,** including their state law claims. The fact that the federal court exercised its discretion to dismiss them without prejudice does not act to erase the fact that prescription was interrupted by the filing of the federal lawsuit. Thus, the dismissal of Rhyne and Trauth's claims without prejudice caused the prescription on their claims to begin to run anew on June 24, 2009, the day following its dismissal.

Rhyne and Trauth then filed the Iberia Parish Suit on November 12, 2009, again raising the same claims against Sciotto, Colson, Gerevas, Eckert, Kaufman, Recatto, and White they had raised in Federal Suit I. All of these claims were dismissed by the Iberia Parish trial court based on the forum-selection language of Article 8.7 of the Agreement. Rhyne and Trauth did not pursue supervisory writ

9

relief of the April 27, 2010 judgment, and this judgment is a final judgment. *Land*, 62 So.3d 36. Assuming this judgment to be correct that the claims were not filed in a court of competent jurisdiction and proper venue, prescription was not interrupted. La.R.S. 12:1502(C) and (D); *see also* La.Civ.Code art. 3492. Thus, prescription would have continued to run from June 24, 2009, when Federal Suit I was dismissed.

The Iberia Parish Suit has no effect on the prescription issue because the St. Martin Parish Suit was filed on May 6, 2010, or less than one year after Federal Suit I was dismissed. This suit repeated the same claims against the director defendants as had been asserted in both Federal Suit I and the Iberia Parish Suit. The April 26, 2011 improper venue judgment in the St. Martin Parish Suit dismissed all claims against the director defendants for any causes of action arising from activities associated with those positions, leaving only those claims against Sciotto, Colson, and Gerevas for acts purportedly committed outside the scope of their duties as officers and/or directors of OMNI. Again, assuming this judgment to be correct that the claims were not filed in a court of proper venue, prescription was not interrupted pursuant to La.R.S. 12:1502(C) and (D). Thus, prescription would have continued to run from June 24, 2009, when Federal Suit I was dismissed.

The filing by Rhyne and Trauth of the April 17, 2012 reconventional demand in Lafayette Parish Suit I marked the first time all aspects of the litigation were joined in a jurisdiction and venue authorized by the forum-selection language of Article 8.7 of the Agreement. This filing occurred less than one year after the April 26, 2011 judgment in the St. Martin Parish Suit, but more than two years after the June 23, 2009 dismissal of Federal Suit I; and consisted of basically the

same claims against the individual directors that had been raised in all of the preceding suits.

This time, the trial court initially found that all claims against the defendant directors arising from their duties as directors as well as from any activities outside the scope of their director duties had prescribed. The trial court amended that judgment in the November 10, 2013 judgment on the motion for new trial, filed by Rhyne and Trauth, by reversing its judgment dismissing Sciotto, Colson, and Gerevas from liability for those claims arising from their activity outside the scope of their director positions.

Rhyne and Trauth assert that the trial court erred in finding that prescription had not been interrupted by the filing of the St. Martin Parish Suit. Specifically, they assert that the forum-selection language of Article 8.7 of the Agreement is not enforceable because the cause of action is one relating to an employment contract and subject to the provisions of La.R.S. 23:921(A)(2), which provides that:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

Rhyne and Trauth argue that because their claims for relief against the directors are asserted in their capacity as employees of Preheat, the choice of forum clause in the Agreement is null and void. We find no merit in this argument.

The problem with their argument on this issue is that the employment/noncompetition agreements provide that Rhyne and Trauth's employment could be terminated without cause, and it provides the severance

11

benefits for such a termination. However, while they continue to reference the employment/noncompetition agreements, they do not seek those severance benefits. Instead, they seek to recover from OMNI and the director/officer defendants the remaining compensation due under the Agreement, as represented by the three promissory notes, and damages for breach of that Agreement. The history of the litigation clearly establishes that the Agreement, and not the employment/noncompetition agreements, is the focus of the litigation as it pertains to the director/officer defendants in their capacity as directors/officers. The first filing by Rhyne and Trauth was in the United States District Court for the Western District of Louisiana, a venue specifically authorized by Article 8.7, and both the trial court in the Iberia Parish Suit and the St. Martin Parish Suit recognized that the claims against the defendant directors/officers in their capacity as directors/officers was solely related to the compensation claims arising under the Agreement.[5]

Our *de novo* review causes us to conclude that the trial court in Lafayette Parish Suit I correctly determined that all of the claims against White, Kaufman, Eckert, Recatto, Sciotto, Colson, and Gerevas, in their capacity as OMNI directors/officers, have prescribed. The initial acts giving rise to these suits occurred on February 8, 2008 and May 9, 2008, respectively, upon Rhyne's and Trauth's wrongful termination by OMNI; and February 9, 2008, the date that OMNI breached the Agreement by failing to satisfy the first promissory note.

---

[5] We note that the supreme court, in the recent case *Shelter Mutual Insurance Co. v. Rimjus Consulting Group, Inc. of Louisiana*, 13-1977, p. 17 (La. 7/1/14), __ So.3d __, __, (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13, 92 S.Ct. 1907 (1972)), held that forum selection clauses are prima facie valid in Louisiana and will be upheld unless enforcement is shown to be "unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."

Federal Suit I interrupted prescription on the claims against the directors/officers, but prescription began to run anew on June 24, 2009, the day following the dismissal of that suit. No suit was filed in a jurisdiction of proper venue between that date and April 17, 2012, the day Rhyne and Trauth filed their reconventional/third-party demands in Lafayette Parish Suit I. Because more than two years lapsed between the dismissal of Federal Suit I and that filing, any actions against the directors/officers for breach of a fiduciary duty, gross negligence, intentional tortious misconduct, breach of a duty of loyalty, fraud, and/or a knowing and intentional violation of law had prescribed. La.R.S. 12:1502(C) and (D). Accordingly, we find no merit in these assignments of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court judgment granting the exception of no cause of action based on prescription filed by Dennis R. Sciotto, Edward E. Colson, III, and Ronald E. Gervais, dismissing all claims asserted against them by Robert H. Rhyne, Jr. and Brent Trauth, except those claims for tortious interference with contract; and we affirm the trial court judgment granting the exception of no cause of action based on prescription filed by James C. Eckert, Richard C. White, Barry E. Kaufman and Brian J. Recatto, dismissing all claims asserted against them by Robert H. Rhyne, Jr. and Brent Trauth. We assess all costs of this appeal to Robert H. Rhyne, Jr. and Brent Trauth.

**AFFIRMED.**