NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 16-254

JAMES L. HARRELL, ET UX.

VERSUS

SHAWQI ABDALLAH, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 124,717
HONORABLE RICHARD ERIC STARLING, JR., CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty.

APPEAL DISMISSED.

Steven Patrick Mansour
Attorney at Law
Post Office Box 13557
Alexandria, LA 71315
(318) 442-4855
COUNSEL FOR PLAINTIFFS/APPELLEES:
    James L. Harrell
    Delores Ann Harrell

**Francis Edward Mouton, III**
**Mouton Law Firm**
**400 Travis St., Suite 1102**
**Shreveport, LA 71101-3144**
**(318) 221-5213**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Shawqi Ali**
    **Shawqi Abdallah**

**PICKETT, Judge.**

On April 28, 2016, the plaintiffs, James L. Harrell and Dolores Ann Harrell, filed a Motion and Order to Dismiss Appeal, asserting therein that the motion for appeal filed by the defendants, Shawqi Abdallah and Shawqi Ali, was filed untimely.

The instant case arises from the sale of an automobile purchased by the plaintiffs from the defendants. The plaintiffs filed suit against the defendants, seeking recision of the sale on the basis of redhibitory defects and fraud. A trial on the merits was held on July 1, 2015. On August 31, 2015, the trial court issued Written Reasons for Judgment, awarding the plaintiffs $20,000.00 for recision of the sale, plus legal interest from the date of the sale. The trial court also awarded $1,167.99 for taxes and registration, $323.10 for repair costs incurred by the plaintiffs, and attorney fees equaling one-third of all sums due. On September 16, 2015, a written judgment was signed by the lower court, and notice of judgment was mailed to the parties on September 17, 2015.

The defendants filed a Motion for New Trial on September 30, 2015. On November 12, 2015, the plaintiffs filed a Motion and Order to Dismiss Motion for New Trial wherein they asserted that pursuant to La.Code Civ.P. art 4907, the defendants' motion for new trial was filed untimely.

Article 4907 reads:

> A. After judgment is signed in the parish or city court, a party may make a written request or motion for new trial for any of the grounds provided by Articles 1972 and 1973.

> B. The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Where notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment.

Because notice of judgment was mailed to counsel for the defendants on September 17, 2015, the plaintiffs urged that the delay for filing a motion for a new trial had expired days before the defendants filed their motion for new trial September 30, 2015. On December 9, 2015, the trial court signed an Order Dismissing Motion for New Trial, stating that there was no reason to grant the motion. Notice of this judgment is not found in the record.

The defendants subsequently filed a motion for appeal on December 23, 2015, wherein they stated that they timely filed their motion for new trial on September 16, 2015, that the motion was denied on December 9, 2015, and that notice of judgment was mailed to the parties on December 9, 2015. The defendants expressed their desire to take a suspensive appeal, or in the alternative, a devolutive appeal, from the August 31, 2015 judgment, to the Ninth Judicial District Court.

In a letter dated January 4, 2016, counsel for the plaintiffs notified the trial court that an issue remained as to the timeliness of the defendants' motion for new trial. Counsel added (emphasis in original):

> As a supplement to my Memorandum in Support of Motion to Dismiss, I just determined from the suit record that counsel for defendants had sent the Court a Fax Cover on November 13, 2015. In that communication with the Court, Mr. Mouton faxed the Court a cover sheet showing a faxed copy of his Motion for New Trial was sent to me on September 16, 2015, however, there is no indication that a copy of the Motion was fax filed with the Clerk. As the Court is aware, a faxed copy to opposing counsel of a pleading does not suffice to meet the requirements of a fax filing with the Clerk of Court. Counsel's fax cover sheet of November 13, 2015 also states his attachments show the ***"mailing dates for the Motion for New Trial on September 16, 2015"***. As this Court is aware, the delay for applying for new trial under La. C.C.P. Article 4907(B) is by filing of their Motion within seven days after notice of judgment. The delays commence to run until a party files their Motion, not from the day they **mailed** their Motion.

2

In an Order signed by the trial court on January 11, 2016, it found that the defendants' motion for new trial was filed untimely and dismissed the motion. In response, the defendants filed a motion to amend their previously filed motion for appeal, urging therein that a motion for new trial was placed in the United States mail on September 16, 2015, and that they timely notified all parties of their intent to file the motion by faxing a copy of the motion that same day. The defendants added that the motion was later recorded by the Alexandria City Court Clerk on September 30, 2015.

After the appeal was lodged in this court, the plaintiffs filed a Motion and Order to Dismiss Appeal, arguing that the trial court found that the defendants' motion for new trial was filed untimely and that the defendants have not appealed the trial court's ruling. Since the motion for a new trial was filed untimely, the plaintiffs assert that the appeal delays were not suspended. Unlike district court, if no motion for new trial is timely filed in an action in city court, the delays for appeal begin to run from the date of the judgment or from the service of notice of judgment. *Southern Inspection and Testing, Inc. v. Skyline Steel Corp.*, 03-203 (La.App. 5 Cir. 5/28/03), 848 So.2d 132. Pursuant to La.Code Civ.P. art 5002(A), in the instant case, the defendants had ten days from service of notice of judgment within which to seek an appeal; thus, the plaintiffs conclude that the deadline to appeal expired before the motion to appeal was filed.

The record shows that the defendants alleged in their amended motion for appeal that the motion for new trial was mailed to the trial court on September 16, 2015, and recorded by the clerk of court on September 30, 2015. Further, the trial court found that the defendants' motion for new trial was filed untimely, and the defendants did not seek review of the ruling. In the absence of a timely filed

3

motion for new trial, we find that the ten-day appeal delay began to run on September 17, 2015, when notice of judgment was served; thus, the motion for appeal filed on December 23, 2015, was untimely. Accordingly, we hereby dismiss the appeal at defendants' cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.