**Alden CHAUVIN, Anyce Chauvin Lambert and Melvin A. Cannon**

v.

**SHELL OIL COMPANY, Valero Refining–New Orleans, L.L.C., Shell Pipeline Company, LP, Air Products & Chemicals, Inc., Southern Natural Gas Company, L.L.C., Parkway Pipeline & St. Charles Parish Sewerage District No. 1 through the St. Charles Parish Council**

NO. 16–CA–609

Court of Appeal of Louisiana, Fifth Circuit.

November 16, 2016

Rehearing Denied December 15, 2016

COUNSEL FOR PLAINTIFF/APPELLANT, ALDEN CHAUVIN, ANYCE CHAUVIN LAMBERT AND, MELVIN A. CANNON, Patrick W. Pendley, Jessica A. Perez

Panel composed of Jude G. Gravois, Marc E. Johnson, and Hans J. Liljeberg

LILJEBERG, J.

Plaintiffs seek review of the summary judgments granted in favor of several defendants in this matter. For the following reasons, we dismiss this appeal as untimely.

Plaintiffs, Alden Chauvin, Anyce Chauvin Lambert, and Melvin Cannon, filed this lawsuit against several defendants, seeking damages for the alleged trespass and illegal construction of pipelines and accessory equipment on plaintiffs' immovable property located in St. Charles Parish. Several defendants filed motions for summary judgment, seeking dismissal of plaintiffs' claims against them. On March 24, 2016, the trial judge signed a written judgment granting the motions for summary judgment filed by defendants, Shell Oil Company, Shell Pipeline Company, L.L.C., Air Products and Chemicals, Inc., Valero Refining-New Orleans, L.L.C., Bengal Pipeline Company, L.L.C., and Parkway Pipeline, L.L.C., and dismissing plaintiffs' claims against them with prejudice. The judgment reflects that notice of the judgment was mailed to all counsel of record on March 30, 2016.[1]

On April 14, 2016, plaintiffs filed a motion for new trial, requesting a new hearing on the motions for summary judgment on the grounds that "the judgment is clearly contrary to the law and evidence." The trial court denied this motion on April 29, 2016. Thereafter, on June 22, 2016, plaintiffs filed a motion for devolutive appeal, seeking review of the March 24, 2016 judgment. The trial court set a hearing for plaintiffs to "show cause . . . why this motion [for appeal] should not be denied as untimely."

A hearing was held on July 14, 2016. The trial court stated that in reviewing the motion for devolutive appeal, it determined that the motion may be untimely. The court noted that the motion for new trial was filed "beyond the deadlines allowed" and that the motion for devolutive appeal was subsequently filed using the date of the denial of the motion for new trial "as deadlines." The trial court then stated that there was "an issue whether or not the Louisiana Fifth Circuit Court of Appeal has jurisdiction over this matter" and "I'm going to let that court decide if it has jurisdiction or not to hear the plaintiffs' appeal."

On July 14, 2016, the trial court signed a written judgment granting the motion for devolutive appeal based on plaintiffs' argument that the delays for appeal should run from the date of the denial of the untimely motion for new trial, not the date of notice of mailing of the judgment rendered on defendants' motions for summary judgment. Our review of the record and the applicable law reveals that plaintiffs' motion for devolutive appeal was untimely filed and thus, the motion for appeal should not have been granted.

La. C.C. P. art. 1974 provides:

The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.

If a motion for new trial is untimely filed, it does not suspend appeal delays. Instead, the appeal delays will begin to run upon expiration of the delay for applying for a new trial. La. C.C.P. arts 2087(A)(1)

1. The "Notice of Judgment" in the record indicates that notice was mailed to counsel of record for all parties on March 29, 2016, whereas the judgment itself contains a certification that the judgment was mailed on March 30, 2016. This discrepancy in the date of mailing does not affect the result or decision set forth in this opinion.

and 1974; *Bellco Elec., Inc. v. Miller*, 08–785 (La.App. 5 Cir. 3/24/09), 10 So.3d 797, *writ denied*, 09–863 (La. 5/29/09), 9 So.3d 170; *Nelson v. Teachers' Ret. Sys. of La.*, 10–1190 (La.App. 1 Cir. 2/11/11), 57 So.3d 587.

██ In the present case, notice of judgment was mailed on March 30, 2016. Thus, the delay for applying for a new trial expired on April 8, 2016. Plaintiffs did not file their motion for new trial until April 14, 2016. Since the motion for new trial was untimely filed, the appeal delays began to run on April 8, 2016.

|₃Pursuant to La. C.C.P. art. 2087(A)(1), a motion for devolutive appeal must be filed within 60 days of the expiration of the delay for applying for a new trial, if no application has been filed timely. Thus, plaintiffs had 60 days from April 8, 2016 within which to file a motion for appeal. Plaintiff's motion for appeal was not filed until June 22, 2016, and it is, therefore, untimely.[2]

Accordingly, because plaintiffs failed to file their motion for appeal within the delays allowed by law, this Court is without jurisdiction to hear this appeal. Accordingly, without considering the merits of plaintiffs' appeal, we must dismiss this appeal as untimely.

## APPEAL DISMISSED

---

**2.** The index in the appellate record indicates that the motion for appeal was fax filed on June 20, 2016. There is no documentation in the record to support this contention. However, even if the motion for appeal was fax filed on June 20, 2016, it still would be untimely.