STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1447


ERIC PETRY

VERSUS

SIDNEY J. HEBERT, SHERIFF


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 107508-H
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese,
Judges.


Cooks, J., dissents and assigns written reasons.


**AFFIRMED IN PART; REVERSED IN PART.**


Eric Petry
In Proper Person
P.O. Box 719
South Louisiana Correctional Center, BC-4#16
3843 Stagg Ave.
Basile, LA 70515


Robin Jones
Oates & Hudson
100 E. Vermillion St., Suite 400
Lafayette, LA 70501
(337) 233-1100
Counsel for Defendant/Appellee:
Sidney J. Hebert, Sheriff

**EZELL, Judge.**

In this matter, Eric Petry appeals the judgment of the trial court dismissing his lawsuit on an exception of prescription. The trial court also awarded $100 in attorney fees to the Defendant, Sheriff Sidney J. Hebert. For the following reasons, we affirm the decision of the trial court in part and reverse in part.

Mr. Petry claims that on December 8, 2004, his home was unlawfully searched without a warrant. He filed this suit on April 6, 2006, claiming that the search violated his constitutional rights to privacy and against unlawful searches and seizures. The Defendant subsequently filed exceptions of no cause of action, prescription, and vagueness. The Defendant also filed a motion to strike Mr. Petry's claim for a specific monetary amount of damages and requested $750 in attorney fees for costs associated with defending the suit.

The trial court ruled in favor of the Defendant, granting his exception of prescription. The trial court also awarded Defendant $100 in attorney fees to cover the costs of bringing the motion to strike. Mr. Petry appeals, asserting three assignments of error. He claims the trial court erred in finding his suit had prescribed, in awarding attorney fees to the Defendant, and in not allowing him adequate time to explain his argument. While this court feels that the judgment granting the exception of prescription should be affirmed, we agree with Mr. Petry that the award of attorney fees should be reversed.

Mr. Petry first claims that the trial court erred in finding his suit had prescribed. We disagree. Ordinarily, when dealing with prescription, the burden of proof is on the party pleading prescription; however, when the plaintiff's petition has clearly prescribed on its face, as it has here, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted. *Younger v. Marshall Ind., Inc.*, 618

1

So.2d 866 (La.1993). Delictual actions are subject to a prescriptive period of one year commencing from the date that the injury or damage is sustained. La.Civ.Code art. 3492. Prescription may be interrupted by the commencement of an action against the obligor. La.Civ.Code. art. 3462.

Mr. Petry knew that his house was searched on December 8, 2004. He had until December 8, 2005, to file his claim. His suit is prescribed on its face. Accordingly, the burden of proof shifts to him to show interruption or suspension. While he offers speculation and conjecture as to the legality of the search and the reasons he did not know of the allegedly warrantless entry, we fail to find support in the record for his claims. The record contains no documentation or proof whatsoever which would lead to a conclusion that Defendant prevented Mr. Petry from filing suit in a timely fashion. Simply put, he could not have met his burden of proof that the suit was not prescribed, as he offered no proof of anything at all. Accordingly, the decision of the trial court relating to the issue of prescription should be affirmed.

We do, however, agree with Mr. Petry that the award of attorney fees for the cost of bringing the motion to strike should be reversed. Louisiana Code of Civil Procedure Article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand." If a petition is filed in violation of this article, the trial court may award attorney fees and costs against the party who filed the petition. Mr. Petry claims that he listed a specific amount of damages simply to establish the need for a jury trial as provide for in La.Code Civ.P. art. 893(A)(1). That article states that if a specific amount of damages is necessary to establish the right to a trial by jury, "a general allegation that the claim exceeds or is less than the requisite amount is required." While Mr. Petry's prayer for a specific amount of damages may

2

have been more detailed than the "general allegation" required by La.Code Civ.P. art. 893(A)(1), we find that he did not willfully violate the article. Therefore, we reverse the trial court's $100.00 award of attorney fees to the Defendant.

Finally, Mr. Petry claims that the trial court erred in failing to allow him adequate time to explain his argument regarding prescription. We disagree. A review of the brief record in this matter reveals that the trial court interrupted Mr. Petry only once, and that occurred only when he began to speak about aspects of his criminal case, which are irrelevant. Mr. Petry was allowed as much time for argument as the Defendant. In fact, Mr. Petry's argument was five transcript lines longer than the Defendant's. A trial judge's determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. *State v. Sandoval*, 02-230 (La.App. 5 Cir. 2/25/03), 841 So.2d 977, *writ denied*, 03-853 (La. 10/3/03), 855 So.2d 308. We find that the trial court did not abuse its discretion in taking evidence or hearing the arguments. This assignment of error is without merit.

For the above reasons, the decision of the trial court is hereby affirmed in part and reversed in part. Costs of this appeal are to be split equally amongst the parties.

**AFFIRMED IN PART; REVERSED IN PART.**

ERIC PETRY

VERSUS

SID HEBERT, SHERIFF, ET AL.

COOKS, J., dissents.

I respectfully dissent from the majority opinion dismissing Eric Petry's lawsuit on an exception of prescription. Mr. Petry's petition alleges two separate and distinct causes of action: (1) damages for a warrantless search of his home; and (2) damages for malicious prosecution and defamation. With regard to the first claim, the trial court simply found Mr. Petry's claim prescribed on the face of the petition without considering his assertion that his attorney, on several occasions through discovery, attempted to obtain information from the State as to whether a warrant existed. This assertion by Mr. Petry was enough proof to shift the burden of proof to the State to establish Mr. Petry had knowledge of the facts giving rise to the complaint within the prescriptive period. The record indicates the trial court did not consider Mr. Petry's assertions. The following colloquy occurred between Mr. Petry and the trial court at the hearing on July 18, 2006.

THE COURT:
Mr. Petry, talk to me about the Prescription claim.

MR. PETRY:
The Prescription claim, I was arrested December 8th, 2002. I had no knowledge that Iberia Parish had searched my home without a warrant or that Vermillion Parish had searched my home without a warrant.
I hired an attorney, Mr. Alfred Boustany, to represent me on that.
For the last year and a half, Vermillion Parish has not complied with Discovery. My attorney never had knowledge that they did not have a warrant, until recently

when they gave him Discovery, he realized there was no warrant, which gave me grounds that's when he first had knowledge it was an illegal search. Because if they had a warrant it was not illegal. But they did not.

This is all the amended petitions by Mr. Boustany for suppression. The search is under suppression in Vermillion Parish as well as St. Martin Parish. There is a special date on next month, on the 23rd, for search and seizure - -

THE COURT:

Motion to Suppress, right?

MR. PETRY:

Yes, Ma'am.

THE COURT:

That's within your legal right to file, as a criminal defendant, when you are charged with anything.

With regards to the civil matter, sir, and whether the prescription period has prescribed, I find that it has.

I find no good cause to extend that.

The majority affirms the decision of the trial court and finds since suit was prescribed on its face, the burden was on Mr. Petry to show interruption or suspension of prescription. I respectfully submit Mr. Petry did come forward with information which indicated he was prevented or unable to discover information regarding the search. The jurisprudential doctrine of *contra non valentum* recognizes that "in some circumstances, equity and justice require that the prescription 'be suspended because the plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" *Touchet v. Baker Hughes, Inc.*, 98-749, p. 5 (La.App. 3 Cir. 2/3/99), 737 So.2d 821, 824 (quoting *Wimberly v. Gatch*, 93-2361 (La.4/11/94), 635 So.2d 206). Prescription will not run against a person who is unable to act or file suit. *Fontenot v. ABC Ins. Co.*, 95-1707 (La.6/7/96), 674 So.2d 960. Under Louisiana law, the doctrine of *contra non valentum* halts the running of prescription when the circumstances of the case fall into one of the four categories:(1) when courts are legally closed; (2) when administrative or contractual restraints

delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. *Stevens v. Bruce*, 04-133 (La.App. 3 Cir. 6/2/04), 878 So.2d 734, (quoting *In re Med. Review Panel Proceeding Vaidyanathan*, 98-289 (La.App. 4 Cir. 9/23/98), 719 So.2d 604, writ denied, 98-2674 (La.12/18/98). The principles of *contra non valentum* do not halt the running of prescription "if the plaintiff's ignorance is the result of his own willfulness or neglect." *Matthews v. Sun Exploration & Prod. Co.*, 521 So.2d 1192, 1197 (La.App. 2 Cir.1988). That is, the plaintiff will be deemed to know what he could by "reasonable diligence" have learned. *Id*. Prescription does not begin to run at the first indication that the plaintiff may have suffered harm, but rather it begins to run "when plaintiff has reasonable basis to pursue claim against specific defendant." *Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 424 (La.1987). The heart of the inquiry focuses on the reasonableness of a plaintiff's action or inaction.

I find that the facts of this case fall squarely under the fourth category of *contra non valentum*. This category, often referred to as the "discovery rule," suspends prescription where a plaintiff neither knew he had a cause of action nor could have learned of it through reasonable diligence. Despite numerous prior attempts, through discovery in a pending criminal proceeding, Plaintiff alleges he did not discover until January of 2006 that the search of his residence on December 8, 2004 was without a warrant. He states in December of 2005, his attorney "gained newly discovered evidence that alleges a violation of Plaintiff's federal and State Constitutional rights." On December 21, 2005, pursuant to the discovery of this material, Plaintiff's attorney filed a Motion to Suppress in the various criminal proceedings arising out of the allegedly illegal search. Plaintiff contends, in January

-2-

of 2006, his attorney sent him a copy of this "newly discovered evidence which proved and gave the plaintiff knowledge for the first time that the search conducted upon his home by the Vermillion Parish Sheriff Dept. [and] Iberia Parish Sheriff Dept. was indeed unlawful and without a warrant." Plaintiff filed a civil suit in Evangeline Parish on April 6, 2006. Plaintiff, who was representing himself, "gained knowledge that his petition was in the wrong venue and dismissed his action in Evangeline Parish." On May 18, 2006, Plaintiff filed the present civil suit in Iberia Parish.

I respectfully disagree with the majority opinion finding Mr. Petry's failure to file a law suit for his alleged injuries within one year of the incident in question automatically prevents him from instituting the present action. Once Mr. Petry came forward with evidence supporting his position the burden of proof shifted to the State to prove he had or should have had knowledge of the facts giving rise to the claim at an earlier time. The State presented no evidence to dispute Plaintiff's allegations that he did not learn of the State's lack of a warrant to search his residence until January of 2006, and that his lack of knowledge was not the result of his own willfulness or neglect.

The second cause of action for malicious prosecution and defamation asserted by Mr. Petry was also dismissed without consideration by the trial court. Mr. Petry alleges he was never convicted on the charge for which he was arrested in December 2004. It is well established that a cause of action for damages for malicious prosecution does not arise until the termination of the prosecution. A dismissal of prosecution or an abandonment by the district attorney is considered a termination of the proceedings in favor of the claimant for purposes of having a cause of action for malicious prosecution. *Engrum v. Boise Southern Company*, 512 So.2d

594 (La.App. 3 Cir. 1987).  Mr. Petry had one year in which to file suit from the time of dismissal or abandonment.