# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1147

**GREG THOMAS LAFLEUR**

**VERSUS**

**JAMES ORVILLE BLUE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-2329
HONORABLE JULES DAVID EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Stanford B. Gauthier, II
Jonathan D. Mayeux
Kristi Husher Oubre
Nicole LaBorde Romero
1405 West Pinhook Road, Suite 105
Lafayette, La 70503
(337) 234-0099
Counsel for Plaintiff/Appellant:
Greg Thomas Lafleur**

**Barry J. Heinen**
**1502 West University Avenue**
**Lafayette, LA 70506-3342**
**(337) 237-3550**
**Counsel for Defendant/Appellee:**
**Michael J. Breaux & Associates, Inc.**

**Jeffrey Ackermann**
**Durio, McGoffin, Stagg & Ackermann**
**P. O. Box 51308**
**Lafayette, LA 70505**
**(337) 233-0300**
**Counsel for Defendants/Appellees:**
**James Orville Blue**
**Earline Bourque Blue**

**John Stafford Irion, Jr.**
**P.O. Box 3412**
**Lafayette, LA 70502-3412**
**(337) 233-0505**
**Counsel for Defendants/Appellees:**
**John Raymond Johnson**
**Managing Investments, Inc.**

**Lawrence Charles Billeaud**
**706 West University Avenue**
**Lafayette, LA 70506**
**(337) 266-2055**
**Counsel for Defendant/Appellee:**
**Craig Spikes**

**Jeremy A. Hebert**
**Richard L. Becker**
**Marcus L. Fontenot**
**Becker & Associates**
**910 Harding Street**
**Lafayette, LA 70503**
**(337) 233-1987**
**Counsel for Defendant/Appellee:**
**Lafayette Consolidated Government**

**EZELL, JUDGE.**

Greg Thomas Lafleur appeals a trial court judgment which granted an exception of prescription in favor of the Lafayette Consolidated Government (LCG). Mr. Lafleur filed suit against the LCG for negligently approving a plat when the FEMA map clearly indicates that Lot 3 was situated in a floodway.

## FACTS

On September 30, 1997, John Raymond Johnson and his wife purchased land located in Lafayette Parish. Subsequently, Mr. Johnson incorporated Managing Investments, Inc. (MII) in order to develop and market the land as a residential subdivision. At the end of 1997, MII engaged Craig Spikes to survey the land for the purpose of subdividing the land into four lots. Mr. Spikes prepared a plat which he dated January 20, 1998. The plat indicated that the property was located in flood zone AE. The plat was approved by the Lafayette Planning and Zoning Commission and was filed in the clerk's office on January 26, 1998.

In 2000, James and Earline Blue bought Lot 3 of the development. On October 24, 2003, the Plaintiff, Greg Thomas Lafleur, bought Lot 3 from the Blues. At the hearing, Mr. Lafleur testified that he bought Lot 3 to eventually build a house on.

Approximately six months after Mr. Lafleur purchased the lot, he applied for and received a permit to place culverts in the ditches on the two sides of his property. In September 2006, he decided to sell the property. In checking on the possibility of building a house on the property, potential buyers made inquiries about the property and discovered that part of the lot was in a floodway. The buyer decided not to buy the lot.

Mr. Lafleur then did an investigation on his own. He found out that about half of the property is located in a floodway, and, in order for him to obtain a residential

building permit, he would have to obtain a no-rise certificate from an engineer. This is a certificate from a licensed engineer certifying that construction on the property located in the floodway would not obstruct the flow of waters through the floodway. Mr. Lafleur testified that he was told a survey for a no-rise certificate could cost $20,000.

On May 7, 2007, Mr. Lafleur filed suit against the Blues, the LCG, and Michael J. Breaux & Associates, Inc., the company that LaFleur hired to conduct a stakeout of the lot corners and complete an elevation certificate. In addition to claiming a redhibitory defect, he alleged that the LCG negligently approved the plat as there is no floodway indicated on the plat. On March 10, 2008, the Blues filed a third-party demand against MII and Mr. Johnson. In turn, on April 21, 2008, MII and Mr. Johnson filed a third-party demand against Mr. Spikes and the LCG.

Both the LCG and Mr. Spikes filed exceptions. A hearing on the exceptions was held on May 27, 2008. The trial court overruled the exceptions of no cause of action filed by both the LCG and Mr. Spikes. The trial court then granted an exception of prescription filed by the LCG and also granted an exception of no right of action raised by Mr. Spikes. Judgment was signed on May 27, 2008, and Mr. Lafleur appealed the judgment.

## DISCUSSION

Mr. Lafleur claims the trial court erred in granting the LCG's exception of prescription. He argues that he filed a timely suit from the time he knew that his property was located in a floodway.

"Delictual actions are subject to a liberative prescription of one year." La.Civ.Code art. 3492. The one-year prescriptive period for damage to immovable property begins to run "from the day the owner of the immovable acquired, or should

2

have acquired, knowledge of the damage." La.Civ.Code art. 3493.

Ordinarily, the burden of proof is on the party pleading prescription. *Petry v. Hebert*, 06-1447 (La.App. 3 Cir. 5/2/07), 957 So.2d 286. However, when the plaintiff's petition has clearly prescribed on its face, the burden then shifts to the plaintiff to prove that prescription has been suspended or interrupted. *Id*.

The suit was filed nine years after the plat was approved by the LCG and three-and-one-half years after Mr. Lafleur purchased the property. Mr. Lafleur argues that his claim has not prescribed because he did not find out that Lot 3 was situated in a floodway until September 7, 2007, when he was informed that Lot 3 was in a floodway by potential buyers. He claims that the trial court ignored the LCG's duty to indicate a floodway on the plat. He argues that the doctrine of *contra non valentum* suspended the running of prescription because he had no knowledge that part of his land was situated in a floodway until he was informed of this fact by the potential buyers of the property.

There are four jurisprudentially-created circumstances that halt the running of prescription under the doctrine of *contra non valentum*:

1.  When there is some legal cause that has prevented the courts from taking cognizance of or acting on the plaintiff's actions;

2.  Where there is some condition of the contract or connected to the proceedings which prevented the creditor from acting;

3.  When the defendant has prevented the plaintiff from bringing suit; and

4.  When the plaintiff does not know nor reasonably know, even though his ignorance is not induced by the defendant.

*Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1268; *Stevens v. Bruce*, 04-133 (La.App. 3 Cir. 6/2/04), 878 So.2d 734. In the present case Mr. Lafleur has alleged

a claim that falls under the fourth category, which has become known as the "discovery rule."

> A plaintiff need not have actual knowledge of the conditions which might entitle him to bring suit, but only "constructive notice." As a general rule, prescription begins to run from the time there is notice enough to call for inquiry about a claim, not from the time when the inquiry reveals facts or evidence sufficient to prove the claim. However, a plaintiff will be deemed to know what he could have learned by reasonable diligence, and *contra non valentum* will not apply to except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect.

*Terrel v. Perkins*, 96-2629, pp.5-6 (La.App. 1 Cir. 11/7/97), 704 So.2d 35, 39 (citations omitted).

Louisiana Revised Statutes 33:5051 provides for the procedures in platting land. Section B specifically sets forth the items that the plat shall contain. There is no requirement that the plat contain any information about a floodway. Louisiana Revised Statues 33:113 provides for the approval of the plat by the planning commission and does not contain any requirement that a floodway be listed on the plat.

Mr. Lafleur has cited no authority that the LCG was required to indicate on the plat that a portion of Lot 3 was in a floodway. A review of the arguments at the hearing indicates that there was no requirement at the time the plat was recorded that the fact that land is located in a floodway be included on the plat.

Furthermore, the plat does indicate that the property is located in flood zone AE. This information should have alerted Mr. Lafleur, and he should have researched the issue a little more. With some investigation before they bought the land, the potential buyers of his property were able to find out that the property was located in a floodway. Mr. Lafleur could have done likewise.

We agree with the trial court that Mr. Lafleur's action against the LCG has

4

prescribed.  No authority is cited that the LCG was required to indicate that a portion of Lot 3 was in a floodway.  Mr. Lafleur was on notice that the property was in a flood zone.  Further investigation by Mr. Lafleur would have revealed that it was in a floodway when he bought the property.  Therefore, the trial court was correct in granting LCG's exception of prescription.

We also note that a brief was filed on behalf of Mr. Spikes arguing that his dismissal on an exception of no right of action was proper and raising the issue that the trial court committed manifest error in denying his exception of no cause of action.  We first note that neither Mr. Lafleur, nor anyone else,  has appealed the decision of the trial court to granting the exception of no right of action in favor of Mr. Spikes, so that judgment is final.  Also, Mr. Spikes did not file an appeal nor answer Mr. Lafleur's appeal, so he cannot seek relief in the appellate court.  La.Code Civ.P. art. 2133.  Therefore, it is not necessary for us to address the issues raised by Mr. Spikes.

For the reasons set forth in this opinion, the judgment of the trial court is affirmed.  Costs of this appeal are assessed to Greg Thomas Lafleur.

**AFFIRMED.**