STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-966 consolidated with 16-16


ANDRE HENDERSON

VERSUS

AVOYELLES CORRECTIONAL CENTER, ET AL.



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2011-6660-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and David Kent Savoie, Judges.


AFFIRMED.

Justin Bo West
P.O. Drawer 1019
Ville Platte, LA 70586
(337) 363-2772
COUNSEL FOR PLAINTIFF/APPELLANT:
      Andre Henderson

Derrick G. Earles
Laborde Earles Law Firm
306 N. Washington Street, Suite A
Marksville, LA 71351
(800) 522-6733
COUNSEL FOR PLAINTIFF/APPELLANT:
      Andre Henderson

**Jeff Landry**
**Attorney General**
**Edward M. Campbell**
**Special Assistant Attorney General**
**1721 Washington Street**
**Natchitoches, LA 71457**
**(318) 560-3027**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Avoyelles Correctional Center**
    **Office of Risk Management**
    **State of Louisiana, Department of Public Safety & Corrections**

**Wesley K. Elmer**
**Law Office of Darrel D. Ryland**
**P. O. Drawer 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Doug Anderson, Solely in his Official Capactity as Avoyelles Parish**
    **Sheriff**

**PETERS, J.**

In one of these consolidated appeals, the plaintiff, Andre Henderson, appeals a trial court judgment finding that his claim against Avoyelles Parish Sheriff Doug Anderson was prescribed; and in the other consolidated appeal, he appeals a separate trial court judgment granting summary judgment in favor of the Avoyelles Correctional Center and the State of Louisiana, dismissing his claims against those entities as well. For the following reasons, we affirm both judgments.

## DISCUSSION OF THE RECORD

On May 12, 2011, Mr. Henderson filed suit against the Avoyelles Correctional Center (Correctional Center) and the State of Louisiana, through the Office of Risk Management and the Department of Public Safety and Corrections (all three sometimes hereinafter collectively referred to as "the state"), seeking damages based on the Correctional Center's failure to respond to his requests for medical treatment. Mr. Henderson was found unresponsive in his jail cell on December 10, 2010; and was ultimately transported to the LSU Health Sciences Center in Shreveport, Louisiana, where he underwent the amputation of three fingers due to gangrene and meningitis.

The state initially responded to the suit on August 10, 2011, by filing a dilatory exception of prematurity and a motion to dismiss based on Mr. Henderson's failure to exhaust his administrative remedies available to him pursuant to the Corrections Administrative Remedy Procedure Act (CARP), as provided by La.R.S. 15:1171, *et seq.* On February 10, 2012, the state moved for summary judgment based on the assertion that it had no liability to Mr. Henderson because he had never been incarcerated at the Correctional Center.

Eighteen days later, on February 28, 2012, Mr. Henderson filed the first of four amending petitions, in which he named the Avoyelles Parish Sheriff's

Department/Office and/or the Avoyelles Parish Law Enforcement and the Avoyelles Parish Detention Center as additional defendants. On April 30, 2012, he filed his second amending petition, naming Sheriff Doug Anderson as a defendant in place of the Avoyelles Parish Sheriff's Department/Office and/or the Avoyelles Parish Law Enforcement. On May 14, 2012, Mr. Henderson filed his third amending petition, naming Sheriff Doug Anderson, in his official capacity, as defendant. Sheriff Anderson responded to these petitions with a peremptory exception of no cause of action and dilatory exceptions of nonconformity, vagueness, and ambiguity.

On August 23, 2012, Mr. Henderson filed his final amending petition, naming Sheriff Anderson, solely in his official capacity, as a defendant. He further amended his petition to state that he had been incarcerated at the Avoyelles Parish Sheriff's prison facility (Sheriff's prison facility) between October 18 and December 16, 2010, rather than the Correctional Center; and was serving a ninety-day probation revocation sentence pursuant to La.R.S. 15:574.9 and La.Code Crim.P. art. 900. He asserted that he was housed in the Sheriff's prison facility through an agreement between Sheriff Anderson and the state, wherein the state paid Sheriff Anderson to house Department of Corrections (DOC) inmates, specifically inmates such as him. Mr. Henderson also asserted that all of the defendants were liable in solido, either vicariously or contractually, because despite being aware of his complaints, they failed to provide him with appropriate medical care.

On November 13, 2012, Sherriff Anderson filed dilatory and peremptory exceptions of prematurity, lack of subject matter jurisdiction, and prescription; and seven days later, the state filed dilatory and declinatory exceptions of prematurity

2

and lack of subject matter jurisdiction. Sheriffs Anderson's exceptions were heard by the trial court on June 1, 2015, and taken under advisement that same day. On June 26, 2015, the trial court rendered reasons for judgment, concluding that Mr. Henderson's causes of action against Sheriff Anderson had prescribed. The trial court executed a written judgment to that effect on July 14, 2015, and thereafter, Mr. Henderson perfected the first of the two appeals now before this court.

On August 10, 2015, the state's motion for summary judgment and exceptions of prematurity and lack of subject matter jurisdiction were heard by the trial court. As a part of the evidentiary record, the parties agreed to adopt, by reference, Mr. Henderson's testimony from the June 1, 2015 hearing. At the completion of the hearing, the trial court took the issues under advisement, and on October 6, 2015, issued reasons for judgment granting summary judgment in favor of the state. The trial court executed a written judgment granting the summary judgment on October 15, 2015, and Mr. Henderson perfected an appeal from that judgment. This court consolidated the two appeals.

On appeal, Mr. Henderson argues that the trial court erred in granting the peremptory exception of prescription in favor of Sheriff Anderson and the motion for summary judgment in favor of the state.

**OPINION**

*Claims Against Sheriff Anderson*

A personal injury claim is a delictual action subject to a one-year liberative prescription period, which commences to run the day the injury or damage is sustained. La.Civ.Code art. 3492. A defendant objecting to a plaintiff's claim on the basis of prescription does so by peremptory exception. La.Code Civ.P. art. 927(A). The burden of proof on the peremptory exception of prescription lies with

3

the party raising the exception. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. However, if it is apparent from the face of the pleadings that the plaintiff's claims have prescribed, the burden shifts to the plaintiff to show otherwise. *Id.* Additionally, prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. *Bailey v. Khoury*, 04-620, 04-647, 04-684 (La. 1/20/05), 891 So.2d 1268.

Appellate review applicable to a peremptory exception depends on the manner in which the exception is heard. If evidence, either supporting or opposing the exception, is presented at a hearing on the exception, appellate courts review the matter pursuant to the manifest error standard of review. *In re Succ. of Cole*, 12-802 (La.App. 3 Cir. 12/26/12), 108 So.3d 240, *writ denied*, 13-257 (La. 3/15/13), 109 So.2d 384. However, if no evidence is introduced, appellate courts review the matter *de novo* to determine whether the trial court was legally correct in granting the exception. *OMNI Energy Servs. Corp. v. Rhyne*, 14-322 (La.App. 3 Cir. 10/15/14), 149 So.3d 1282, *writ denied*, 15-1 (La. 3/27/15), 162 So.3d 387. Because evidence was presented at the hearing in this instance, we will review this issue pursuant to the manifest error standard.

Louisiana Code of Civil Procedure Article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." In *Ray v. Alexandria Mall, through St. Paul Property & Liability Insurance*, 434 So.2d 1083, 1087 (La.1983), the supreme court established four

criteria for determining whether an amended petition relates back to the original petition pursuant to La.Civ.Code art. 1153:

>    (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

>    (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

>    (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; and

>    (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

Mr. Henderson testified that he was transferred to a prison in Avoyelles Parish after his probation was revoked, and that initially he did not know in what facility he was being housed. Two weeks after arriving at the Sheriff's prison facility, he began feeling ill and filled out a request for medical treatment. According to Mr. Henderson, he was told that his request would take time, but he never received any treatment. On December 10, 2010, he lost consciousness while in his dorm room, and he later woke up in the hospital.

According to Mr. Henderson, he did not learn that he was being housed in the Sheriff's prison facility and not a state facility until after he filed suit and the first hearing was held. In fact, after that hearing, he and his attorney drove around the parish looking at the different jails. He initially thought he was being housed at the Correctional Center because his fellow inmates were all state prisoners, and because the prison guards were wearing shirts with logos representing both the Avoyelles Parish Sheriff's Office and the Correctional Center. Thus, he assumed that he was at the Correctional Center.

5

On cross examination, Mr. Henderson denied seeing the star-shaped logo of the Avoyelles Parish Sheriff's Office on the building when he entered the Sheriff's prison facility. Additionally, he suggested that while being booked into the prison, he observed employees wearing both white and black shirts, with emblems of either "APSO" and "SPSO." He asserted that he now knows that "APSO" stands for Avoyelles Parish Sheriff's Office, but did not know at the time.

Mr. Henderson testified that when he first arrived at the prison in October, he provided his medical history to a health care provider, but acknowledged that the medical history/request form in his record bore a November 22, 2010 date, and contained his handwriting. Still, he testified that he did not remember signing any documents on November 22, 2010. He further acknowledged that "Avoyelles Parish Sheriff's Office" was printed at the top of the documents.

Mr. Henderson testified that when he obtained legal representation to pursue his claim for damages, he told his counsel that he had been incarcerated at the Correctional Center, and that he was initially treated after losing consciousness, at the Huey P. Long Hospital in Alexandria, Louisiana. He also acknowledged that he informed his counsel that some guards at the prison had Avoyelles Parish Sheriff's Office emblems on their uniforms, and that his medical records state that an Avoyelles Parish Sheriff's deputy accompanied him to the hospital emergency room.

Although Mr. Henderson argued that his February 24, 2012 amended petition related back to his original May 11, 2011 petition, the trial court held that it failed to do so based on Mr. Henderson's failure to satisfy two of the four criteria set forth in *Ray*, 434 So.2d 1083. Although it found that the claims set forth in the two petitions were the same and that Mr. Henderson would have filed suit against

6

Sheriff Anderson but for his mistaken belief as to where he was imprisoned, the trial court held that Mr. Henderson failed to prove that notice of the original suit was received by Sheriff Anderson or that Sheriff Anderson was not a wholly new and unrelated defendant.

Based on our review of the record, we find that the trial court was not manifestly erroneous in finding that Mr. Henderson failed to prove that his amended petition related back to his original petition. We agree that Mr. Henderson's amended claim arose out of the same transaction or occurrence set forth in his original petition, and that Sheriff Anderson must know or should have known, that but for Mr. Henderson's mistaken identity as to the state, his action would have been brought against him. However, there was no evidence in the record establishing that Sheriff Anderson knew about Mr. Henderson's suit, such that he would not be prejudiced in maintaining his defense on the merits, and we find no error in the trial court's finding that Sheriff Anderson was a wholly new and unrelated defendant.

Nor do we find merit in Mr. Henderson's argument that because Sheriff Anderson and the state were solidarily or jointly liable, his suit against the state interrupted prescription against Sheriff Anderson. He claims that Sheriff Anderson and the state are solidarily liable because of the contract between DOC and Sheriff Anderson. Alternatively, he argues that the state is jointly liable with Sheriff Anderson, because it owed him statutory duties pursuant to La.R.S. 15:831 and La.R.S. 15:751.[1]

The burden was on Mr. Henderson to prove the existence of either the solidary or joint liability between the state and Sheriff Anderson. However, he

---

[1] La.R.S. 15:751 was repealed by 2014 La. Acts No. 5, § 1.

7

presented no evidence during the hearing to prove that the state was either solidarily or jointly liable with Sheriff Anderson. Because evidence was presented at the hearing on the exception, the trial court's consideration was limited to the evidence presented, rather than on the allegations contained in the pleading. *Price v. Roy O. Martin Lumber Co.*, 04-227, 03-2647, 03-2669, 03-2670, 03-2671 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, *writ denied*, 05-1390 (La. 1/27/06), 922 So.2d 543. Mr. Henderson's testimony was limited to proving that his amended petition related back to his original petition. Accordingly, we find no error in the trial court's finding that Mr. Henderson failed to prove either the solidary or joint liability of the state and Sheriff Anderson.

We further find no merit in Mr. Henderson's argument that prescription was suspended on his claim pursuant to the doctrine of contra non valentum. In order to rely on this doctrine, the circumstances preventing Mr. Henderson's timely filing of his claim against Sheriff Anderson would have to fall within one of four contra non valentum categories:

(1) When there is some legal cause that has prevented the courts from taking cognizance of or acting on the plaintiff's actions;

(2) Where there is some condition of the contract or connected to the proceedings which prevented the creditor from acting;

(3) When the defendant has prevented the plaintiff from bringing suit; and

(4) When the plaintiff does not know nor reasonably know, even though his ignorance is not induced by the defendant.

*Lafleur v. Blue*, 08-1147, p. 3 (La.App. 3 Cir. 3/4/09), 6 So.3d 348, 351.

Mr. Henderson argues that prescription on his claim should have been suspended, because the state's actions prevented him from learning that his claim should have been brought against Sheriff Anderson. He argues that had the state

proceeded with its motion for summary judgment instead of the exception of prematurity, he would have learned within the prescriptive period that the state was not the proper defendant in this matter. However, we find no merit in this argument.

Mr. Henderson admitted that he was in Avoyelles Parish, that the prison guards wore uniforms with "APSO" emblems, and that documents that contained his handwriting were Avoyelles Parish Sheriff's Office documents. Furthermore, the December 10, 2010 Huey P. Long Hospital records, which counsel for Mr. Henderson obtained pursuant to a February 21, 2011 records request, indicate that Mr. Henderson was escorted to the hospital by a sheriff's deputy. Mr. Henderson even admitted in his original petition that he was accompanied by an Avoyelles Parish Sheriff Deputy, when he was admitted to the emergency room. Thus, we find that Mr. Henderson had sufficient information at hand to reasonably determine who the proper defendant was or enough to make him realize that he had not sued the correct defendant. Accordingly, he was not entitled to rely on the doctrine of contra non valentum to suspend the running of prescription on his tort claim against Sheriff Anderson.

*Claims Against the State*

It is well settled that Louisiana appellate courts review summary judgments *de novo* under the same criteria that governs the trial court's consideration of whether summary judgment is appropriate. *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566 (La. 7/2/12), 94 So.3d 750. Although amended multiple times in the past several years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).

Summary judgment shall be rendered "if the *pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits*, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2) (emphasis added).[2] Furthermore, La.Civ.Code art. 966(F)(2) provides, in part:

> Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.

With regard to the burden of proof applicable in summary judgment proceedings, La.Code Civ.P. art. 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In support of its motion for summary judgment, the state offered the following exhibit:

- Affidavit of Debra Gauthier, the records custodian for the Correctional Center.

In opposition to the state's motion for summary judgment, Mr. Henderson offered the following exhibits:

---

[2] The state initially filed its motion for summary judgment on February 9, 2012. However, because the hearing on the motion was not held until August 10, 2015, we will consider the summary judgment based on the version of La.Code Civ.P. art. 966 in effect at the time of the hearing.

- Affidavit of Mr. Henderson

- Avoyelles Parish Sheriff's Department Forms

- A January 20, 2012 letter from Captain Steve Dauzat, Nursing Supervisor.

In reply to Mr. Henderson's opposition, the state offered the following exhibit:

- Affidavit of Major Darren Bordelon, a records custodian of the Avoyelles Parish Sheriff's Office.

Additionally, as previously stated, the parties agreed to adopt by reference Mr. Henderson's testimony from the June 1, 2015 hearing on the exception of prescription. Also under consideration during the hearing were the state's exceptions of prematurity and lack of subject matter jurisdiction.

In her affidavit, Ms. Gauthier stated that there was no record establishing that Mr. Henderson was housed at the Correctional Center in November of 2010, or that he was ever housed there. In his affidavit, Major Bordelon stated that he was familiar with Mr. Henderson's suit and that he helped obtain copies of the documents used by Sheriff Anderson in this suit. Attached to Major Bordelon's affidavit are copies of these documents, which he describes as being a part of the business records of the Avoyelles Parish Sheriff's Office:

1. Mr. Henderson's January 1, 2011 discharge summary from the LSU Health Sciences Center in Shreveport, Louisiana.

2. A May 27, 2010 certificate from the secretary of the Department of Public Safety and Corrections, indicating that the Avoyelles Marksville Detention Center was in compliance with the Basic Jail Guidelines Process.

3. A November 22, 2010 mental assessment form, which was signed by Mr. Henderson and indicates that his orientation, general appearance, affects/moods were good, and that the procedure for writing a medical request, co-payment, sick call, and malingering were explained to him by the examiner.

4. A January 30, 2012 letter from Captain Steve Dauzat, the nursing supervisor, who, with regard to Mr. Henderson, states

that he was transferred to the Avoyelles Parish Sheriff's Office from Evangeline Parish on October 18, 2010, that the process for obtaining access to medical care by way of a medical sick call request was explained to him, and that he never complained nor requested medical care while he was housed at the Avoyelles Parish Sheriff's Office.

In addition to his testimony, Mr. Henderson, in his affidavit, stated that his probation was revoked in Evangeline Parish and that he was serving an Act 402 (La.R.S. 15:574.9; La.Code Crim.P. art. 900), ninety-day turnaround in Avoyelles Parish. He stated that he became sick a month into his sentence, but he never received medical treatment despite his multiple oral requests. Mr. Henderson denied that he was ever oriented or told about CARP, and he stated that when he asked a warden for medical treatment, he was given a drug screen. The remainder of Mr. Henderson's exhibits will not be considered since they fail to meet the evidentiary standards for consideration as set forth in La.Code Civ.P. art. 966(B)(2).

In granting the state's motion for summary judgment, the trial court held that Louisiana law is clear that parish prisons are allowed to house state inmates, and "that the Sheriff of the Parish to which a prisoner is conveyed shall keep the prisoner safe and secure and subject to all orders or decrees issuing from the parish from which the prisoner was transferred." Thus, the trial court held that the duty to keep Mr. Henderson safe and secure rightly belonged to Sheriff Anderson, rather than the state. The trial court further found no solidary liability between the state and Sheriff Anderson based on La.R.S. 42:1441 and jurisprudence recognizing a sheriff's absolute authority over a state inmate housed in a parish jail, even when the sheriff is paid to do so. Finding summary judgment appropriate, the trial court declared the state's exceptions moot. However, it noted that an exception of

prematurity based on the failure to follow CARP would only affect the Avoyelles Parish Sheriff, since it, rather than the state, housed Mr. Henderson.

Pursuant to La.R.S. 15:824(B)(1)(a), the state is allowed to contract for the housing of inmates in parish prisons if space is lacking in its own institutions. With regard to sheriffs:

> The sheriff has absolute authority over an inmate sentenced to hard labor and committed to the DPSC but housed in a parish jail due to overcrowding even where the sheriff is receiving money from the DPSC to house the inmate. *Cooley v. State*, 533 So.2d 124 (La.App. 4th Cir.1988); *Harper v. State, Department of Public Safety and Corrections*, 96-0047 (La.9/5/96), 679 So.2d 1321.

> The sheriff is charged with the safekeeping of prisoners in his jail, including those who are transferred there. La. R.S. 15:704; La. R.S. 15:706(C); *Harper v. State, Department of Public Safety and Corrections*, *supra*; *Gullette v. Caldwell Parish Police Jury*, 33,440 (La.App.2d Cir.6/21/00), 765 So.2d 464. Even though an inmate is in the legal custody of the DPSC, he is in the custody of the sheriff of the parish in whose jail he has been placed, not the custody of the DPSC. *Harper v. State, Department of Public Safety and Corrections*, *supra*; *Gullette v. Caldwell Parish Police Jury*, *supra*.

*Wells v. La. Dep't of Pub. Safety & Corrs.*, 46,428, pp. 23-24 (La.App. 2 Cir. 8/24/11), 72 So.3d 910, 924, *writ denied*, 11-2637 (La. 2/10/12), 80 So.3d 474.

Additionally, La.R.S. 42:1441(A) provides that "[t]he state of Louisiana shall not be liable for any damage caused by a . . . sheriff . . . of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a . . . sheriff . . . of a political subdivision."

In *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, pp. 7-8 (La. 3/10/06), 923 So.2d 627, 632-33, the supreme court discussed the interplay between summary judgment and substantive law:

> Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *See Richard v. Hall*, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137. The duty-risk analysis is the standard negligence analysis employed in determining whether to impose liability under LSA-C.C. art. 2315. *Mathieu v.*

13

*Imperial Toy Corporation*, 94-0952, p. 4 (La.11/30/94), 646 So.2d 318, 321. This approach provides an analytical framework for evaluation of liability. One analysis requires proof by the plaintiff of five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). *Fowler v. Roberts*, 556 So.2d 1, 4 (La.1989), *reh'g granted on other grounds and original opinion reinstated as supplemented*, 556 So.2d at 13 (La.1990). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. *See Mathieu*, 94-0952 at 11, 646 So.2d at 326. *See also, Daye v. General Motors Corporation*, 97-1653, p. 9 (La.9/9/98), 720 So.2d 654, 660; *Perkins v. Entergy Corporation*, 98-2081, p. 21 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 403, *aff'd*, 2000-1372, 2000-1387, 00-1440 (La.3/23/01), 782 So.2d 606.

Based on the evidence presented by the state, it is clear that Mr. Henderson was never housed at the Correctional Center. Thus, no state action was a cause in fact of the injuries alleged in his suit. Accordingly, we find that the state satisfied its burden of pointing out the lack of factual support for an essential element of Mr. Henderson's negligence claim against it. The burden then shifted to Mr. Henderson to produce evidence sufficient to establish that he will be able to satisfy his burden of proof at trial. This, he failed to do.

In his brief, Mr. Henderson argues that the trial court incorrectly granted summary judgment in favor of the state, based on the solidary or joint liability existing between it and Sheriff Anderson. However, Mr. Henderson failed to present any evidence at the summary judgment hearing in support of this argument. In ruling on a summary judgment motion, the trial court's consideration is limited to the evidence presented in relation to that motion. La.Code Civ.P. art. 966(F)(2). Accordingly, we find no merit in this argument.

Mr. Henderson further argues the incorrectness of the trial court's judgment, based on his testimony that he "was never oriented, was never told of the Corrections Administrative Remedy Procedure (CARP) or ARP, testified the CARP/ARP procedures were not posted in the jail or cells, and even though he asserted the legal doctrine of Contra Non Valentum." We find no merit in this argument because these allegations do not relate to the conduct of the state.

Accordingly, we find no merit in this assignment of error; and we affirm the trial court judgment in favor of the state.

## DISPOSITION

Based on the foregoing, we affirm the trial court judgments in favor of Sheriff Doug Anderson, solely in his official capacity as Avoyelles Parish Sheriff, and in favor of the Avoyelles Correctional Center and the State of Louisiana, through the Office of Risk Management and the Department of Public Safety and Corrections. The costs of these appeals are assessed against Andre Henderson.

**AFFIRMED.**